**FILED**

SEP 10 2013

United States Bankruptcy Court
Columbia, South Carolina

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| Robert M. McBurney, Jr. | BANKRUPTCY NO. 13-00100-jw |
| Debtor(s) | ORDER |

This matter comes before the Court on the motion for relief from the 11 U.S.C. § 362 automatic stay, ("Motion"), filed by Taylor, Bean & Whitaker Mortgage Corporation, ("TBW"). Robert M. McBurney, Jr., ("Debtor") objected to the Motion and a hearing was held. In accordance with Fed. R. Civ. P. 52, made applicable to these proceedings by Fed. R. Bankr. P. 7052 and 9014(c), and based upon the pleadings and testimony presented at the hearing, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Debtor filed the petition initiating this Chapter 13 case on January 4, 2013.

2. On January 18, 2013, Debtor filed his schedules and statements. Schedule D indicates that Debtor's residence, located at 7406 Coachmaker Rd., Columbia, SC 29209, TMS # R16303-08-04, is worth $164,000.00 and is subject to TBW's secured claim of $216,000.00. (Schedule D references Roundpoint Mortgage Servicing Corp. as the creditor holding the first mortgage lien. Roundpoint Mortgage Servicing Corp. is the servicer of the subject mortgage loan and TBW is the holder of the mortgage.)

3. On May 23, 2013, TBW filed Claim Number 6 for the amount of $236,425.87.

4. Debtor's chapter 13 plan was confirmed on March 28, 2013, and provided that Debtor would make regular post-petition mortgage payments directly to TBW and additionally cure his prepetition mortgage arrearages through the plan.

5. On July 24, 2013, TBW filed the Motion pursuant to 11 U.S.C. § 362(d)(1) & (2) as a result of Debtor's failing to make his direct post-confirmation mortgage payments as required by the confirmed plan. While Debtor tendered a payment on July 10, 2013 in the amount of $1,011.96, which was applied to suspense as it was insufficient to comprise a full monthly payment, the Debtor made no other payments making the Debtor due for the February 1, 2013 post-petition installment and all subsequent payments. According to the Certification of Facts attached to the Motion, Debtor has no equity in his home beyond TBW's lien.

6. On August 8, 2013, Debtor filed an Objection to the Motion, in which the Debtor denies the allegations made in the Motion, requests less drastic relief by conditioning or modifying the stay should the Court find that TBW is entitled to relief from the stay, alleges that TBW has not shown the irreparable harm necessary to justify lifting the stay, and wishes to stay in his home and bring his post-petition arrearage current.

7. The Chapter 13 trustee did not file an objection to the Motion.

8. At the hearing on the Motion, Debtor did not dispute that he failed to pay his direct post-confirmation mortgage payment since February 1, 2013, and that he is currently seven payments in arrears. Debtor testified that he offered to cure the delinquency over a nine-month period, but TBW refused to agree to any cure period and only sought a complete lifting of the automatic stay. TBW claimed the total post-confirmation arrearage due through and including the August 2013 monthly mortgage payment, including attorneys fees, is $8,628.26.

9. Debtor testified that he missed the payments as a result of unexpected expenses arising from his daughter's hand surgery, repairs needed on old vehicles and plumbing problems.

10. Debtor testified that he would cut expenses and seek part time employment in order to make the proposed $950.00 per month cure payment in addition to his regular monthly mortgage payment of $1,273.46 per month. Debtor did not file a revised schedule I or J with the Court.

11. Debtor testified that he was current on his payments to the Chapter 13 trustee. Debtor has not moved to modify the confirmed plan or seek a suspension of payments (moratorium).

## CONCLUSIONS OF LAW

TBW seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) & (2). 11 U.S.C. § 362(d)(1) provides that a Bankruptcy Court shall grant a party relief from stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." Relief from stay is to be granted under 11 U.S.C. § 362(d)(2) if the debtor does not have equity in the property and "such property is not necessary to an effective reorganization." A decision to lift the stay under 11 U.S.C. § 362(d)(1) & (2) "is within the discretion of the bankruptcy judge." Robbins v. Robbins (In re Robbins), 964 F.2d 342, 345 (4th Cir. 1992).

**I.    Relief from Stay Under §362(d)(1)**

"Cause" for purposes of § 362(d)(1) is not defined under the Code, and accordingly, bankruptcy courts are to determine when cause exists on a case by case basis. In re Toomer, No. 10-07273-JW, slip op. 4 (Bankr. D.S.C. Oct. 5, 2011) (citing In re Robbins, 964 F.2d at 345); see also Americredit. Fin. Servs., Inc. v. Nichols (In re Nichols), 440 F.3d 850, 856 (6th Cir. 2006) ("[B]efore modifying or lifting a stay, a court should first weigh the equities by conducting a fact-

specific analysis of the circumstances surrounding the default.") (citing Mendoza v. Temple-Inland Mortg. Corp. (In re Mendoza), 111 F.3d 1264, 1271 (5th Cir. 1997)). The party requesting relief under § 362(d)(1) has the initial burden of proving that cause exists for relief from the automatic stay, but upon such a showing, the burden shifts to the debtor to demonstrate that the movant is adequately protected by the prospect of future payments. See In re Toomer, No. 10-07273-JW, slip op. at 4 (citations omitted).

This Court has previously addressed the issue of determining cause and has articulated three factors the Court will weigh in determining whether sufficient cause exists for granting relief from the automatic stay. See In re Toomer, No. 10-07273-JW (Bankr. D.S.C. Oct. 5, 2011); In re Mitchum, No. 10-06986-JW (Bankr. D.S.C. Oct. 20, 2011). In making its determination whether to grant relief from the automatic stay, the Court will consider: whether the debtor's failure to make post-confirmation direct mortgage payments was due to circumstances beyond the debtor's control; whether the debtor has equity in the creditor's collateral which serves as adequate protection of the creditor's interest; and whether the debtor has presented credible evidence indicating an ability to cure the default within a reasonable period of time. See In re Toomer, No. 10-07273-JW (Bankr. D.S.C. Oct. 5, 2011); In re Mitchum, No. 10-06986-JW (Bankr. D.S.C. Oct. 20, 2011).

Debtor's failure to make post-confirmation payments when due under the confirmed plan constitutes cause for relief. In this case, the Court concludes that Debtor failed to demonstrate that TBW is adequately protected by the prospect of future payments. Debtor testified that his failure to make his post-confirmation direct mortgage payments was due to unexpected expenses arising from his daughter's hand surgery, repairs needed on old vehicles and plumbing problems and consequently could not afford the payments. TBW does not dispute Debtor's testimony and there has been no allegation of bad faith. Therefore, this Court finds that Debtor's failure to make post-confirmation direct mortgage payments was due to circumstances beyond Debtor's control. Both TBW and Debtor agree that Debtor has no equity in the creditor's collateral beyond TBW's lien; therefore, this Court finds that there is no equity in the collateral to serve as adequate protection of TBW's interest. Debtor seeks a period of nine months to cure the post-petition arrearage. TBW will not agree to any period to cure said arrearage and seeks immediate lifting of the automatic stay.

Debtor's evidence regarding his ability to cure the default over the proposed nine-month period is insufficient to show that the Movant would be adequately protected by the prospect of future payment. Debtor testified that his family income has not changed since confirmation, with the exception of a slight decrease in his net income, due to higher insurance premiums. There was no evidence that Debtor possessed a lump sum to pay towards a cure of the post-petition arrearage or that he had a reliable and sufficient contribution from others for that purpose. While he testified as to a

willingness to supplement his income with a new part time job, there was no evidence regarding the prospect of future part time employment, including the type of job or expected additional income.

While Debtor proposed to cut his family living expenses to generate extra funds to pay a cure payment of $950.00 per month in addition to making his regular monthly payment of $1273.46, his testimony indicated an ability to cut expenses by only $350.00 per month.

While the Court is sympathetic to Debtor's circumstance, the Court finds that Debtor has failed to present credible evidence indicating an ability to cure the default within the time period proposed by Debtor. Therefore, this Court finds that Movant has proven cause, and relief under § 362(d)(1) is hereby granted.

## II.    Relief from Stay Under § 362(d)(2)

Since there is cause to grant relief under 11 U.S.C. § 362(d)(1), it is not necessary for the Court to discuss the merits for relief under 11 U.S.C. § 362(d)(2).

### CONCLUSION

Based on the findings herein this Court grants TBW's Motion to Modify Stay.

AND IT IS SO ORDERED.

*John E. Waites*    9/10/13
U.S. Bankruptcy Court Judge
District of South Carolina